**In re Russell A. BROWN, Sr., and Catina L. Brown, Debtors.**

**Bankruptcy No. 97–08221–8P7.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

July 21, 1997.

Russell A. Brown, Catina L. Brown, Bartow, FL, pro se.

Ralph J. Harpley, Tampa, FL, trustee.

## ORDER DISAPPROVING REAFFIRMATION AGREEMENT

ALEXANDER L. PASKAY, Chief Judge.

Ordinarily, a ruling which approves or disapproves a reaffirmation agreement does not require a written statement of the reasons underlying the ruling. However, the Reaffirmation Agreement under consideration in this Chapter 7 liquidation case tops the cake and warrants comments. These comments are warranted in order to point out the outer limits of the currently ongoing frenzy by creditors, who are strong arming hapless *pro se* debtors at their meetings of creditors and squeezing out reaffirmation agreements from them.

■ In the present instance, the Debtors, Russell Alan Brown, Sr. and Catina Lynn Brown, financed an automobile with American General Finance, Inc. (American General). The automobile was repossessed by American General almost a year before the commencement of this Chapter 7 case. It appears that the Debtors also financed the purchase of some jewelry for which they still owed $15.62 at the time they filed their Petition. Since the date of the filing, the Debtors paid off this munificent balance of $15.62. Notwithstanding, the representative of American General who apparently is a regular in attendance at the meetings of creditors, wasted no time and pressed into the shaky hands of the Debtors, the Reaffirmation Agreement Form prepared by American General. Of course, the Debtors signed the Reaffirmation Agreement without having any idea what they were signing. American General, upon realizing that the Debtors are no longer indebted to American General, struck the title of the document, inserted by hand the word "Redemption" and acknowledged that the amount of $15.62 in fact had been paid. Notwithstanding an attempt to change the title of the document, the document is still a reaffirmation agreement in a form prepared by American General which is used to obtain Reaffirmation Agreements from consumer debtors.

■ The Debtors sought this Court's approval of the Reaffirmation Agreement as

required by Section 524(d) of the Bankruptcy Code. The Debtors appeared at the duly scheduled hearing, but no one appeared from American General. Of course, it did not take heavy and deep soul searching to conclude that the Reaffirmation Agreement was nothing but an attempt, consistent with the regular routine of American General, to coerce the Debtors to reaffirm a non-existent debt in an amount which, even if a valid obligation which it is not, was de minimis and not worth the paper on which the Reaffirmation Agreement was printed.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Reaffirmation Agreement be, and the same is hereby disapproved. Further, to the extent that the Reaffirmation Agreement may be construed to be a redemption agreement, which it is not, the motion to redeem is denied.